# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

| | | |
|---|---|---|
| SHERMARCO ELEM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 11-2820-STA-dkv |
| | ) | |
| HILTON WORLDWIDE, INC.; PRISM | ) | |
| HOTEL MANAGEMENT SERVICES, | ) | |
| LP; and CARLSON HOSPITALITY | ) | |
| GROUP, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER GRANTING PLAINTIFF'S MOTION FOR OVERNIGHT EXTENSION OF TIME TO FILE RESPONSE, ORDER DENYING PLAINTIFF'S MOTION FOR AN EXTENSION OF TIME TO SERVE DEFENDANTS, ORDER FINDING LACK OF GOOD CAUSE, AND ORDER DISMISSING THE CASE

Before the Court is Plaintiff's Response to the Court's Order to Show Cause (D.E. # 9), filed on April 27, 2012. For the following reasons, the Court finds that Plaintiff has not shown good cause, and pursuant to Federal Rule of Civil Procedure 4(m), this case is hereby

**DISMISSED WITHOUT PREJUDICE**.

## BACKGROUND

On September 20, 2011, Plaintiff filed a Complaint against Defendants. (D.E. # 1.) The record indicates that Summonses for each Defendant were issued the following day. (D.E. # 3-5.) More than 120 days have passed since the filing of Plaintiff's Complaint. However, there is no evidence that Plaintiff has successfully served Defendants. To date, Defendants have failed to answer or appear to defend, and Plaintiff has failed to take any further action. Therefore, the

Court issued an Order to Show Cause on April 12, 2012 (D.E. # 8), requiring Plaintiff to show good cause as to why this case should not be dismissed.

Plaintiff filed a Response on April 27, 2012, one day after the Court's deadline of April 26, 2012. Plaintiff's stated reason for the delay was that he had "never electronically filed his documents in this Court," and he cites his inexperience with the Court's CM/ECF system as justification for his late filing. Plaintiff's counsel finished writing the Response on April 26, but he had to wait until the morning of the 27th "for his staff to file the response electronically." Although the Court notes that Appendix B of the Local Rules contains a detailed Attorney User Manual for the CM/ECF system, the Court accepts Plaintiff's statements regarding his unfamiliarity with and inability to use CM/ECF. Therefore, Plaintiff's Motion for an Overnight Extension of Time to File his Response is **GRANTED**, and the Court will treat Plaintiff's Response as timely filed.

In his Response, Plaintiff points to the language of Federal Rule of Civil Procedure 4(m) ("Rule 4(m)") and notes that if a plaintiff demonstrates good cause as to why he or she has failed to serve a complaint within 120 days after filing, the court *must* extend the time limitation. (Pl.'s Resp., D.E. # 9, at 3.) Plaintiff then cites to a case from the Tenth Circuit which states that even if the plaintiff fails to show good cause, courts can consider whether to grant an extension of time and use their discretion to extend the time for service or dismiss the case without prejudice. (*Id.*) Plaintiff also relies on out-of-circuit authority indicating that the running of the statute of limitations weighs against dismissal without prejudice under Rule 4(m). (*Id.* at 3-4.) Therefore, Plaintiff requests a twenty-day extension to serve Defendants. (*Id.* at 4.)

Plaintiff's counsel attached a declaration to his Response explaining why he had not served the Complaint.  He notes that he "assumed that [his] staff would send the Summonses with the Complaint attached by certified mail to each registered agent for service of process as set forth in the Complaint."  (Decl. of Ralph Gibson, D.E. # 9-1, at 1.)  Plaintiff's counsel stated that he did not double check with his staff to ensure that the proper procedures were followed because he received a letter from an attorney for one Defendant in response to the Complaint, thereby leading him to believe that "at least one party had been served with the Summons and Complaint."  (*Id.*)  Another attorney for a different defendant attempted to include this case's claims in a global settlement in a collective action matter.  (*Id.*)  Thus, although those settlement offers did not result in a settlement, Plaintiff's counsel "was led to believe that service of process had been perfected.  It was not until this Court's Order to Show Cause . . . that [he] realized that Defendants' counsel must have been alerted to the [C]omplaint by means other than service of process."  (*Id.* at 2.)  Plaintiff's counsel stated that his staff had always filed his documents on CM/ECF for him.  (*Id.*)

## STANDARD OF REVIEW

Rule 4(m) provides as follows:

If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.[1]

## ANALYSIS

---

[1]       Fed. R. Civ. P. 4(m).

In the Rule 4(m) context, the Sixth Circuit has identified several different situations in which plaintiffs may demonstrate good cause for their failure to timely serve a complaint. If the plaintiff is pro se, he or she will receive greater leniency.[2] Moreover, if a plaintiff undergoes a sudden illness and fails to effect service of process, he or she can demonstrate good cause under Rule 4(m).[3] In other situations without exigent or extenuating circumstances, plaintiff must show that they made a reasonable and diligent attempt to effect service.[4] Moreover, courts should not dismiss under Rule 4(m) without giving a plaintiff notice of the impending dismissal and a chance to show good cause.[5]

Here, Plaintiff's counsel has failed to show good cause as to why he did not serve Defendants in the eight months following the filing of this lawsuit. Indeed, Plaintiff's counsel does not indicate that his staff actually served the Complaint on Defendants, nor does he posit ideas as to how Defendants became aware of the lawsuit. He admits his failure to follow up with his staff regarding the proper service of the Summonses and Complaint under the Federal Rules of Civil Procedure. Although two of the Defendants reacted to the Complaint despite the lack of proper service, Plaintiff's counsel does not state that the third Defendant reached out to him in any way. On that basis alone, the Court would dismiss the claim against the third Defendant, as Plaintiff's counsel failed to serve that Defendant despite eight months without contact.

---

[2] *Habib v. Gen. Motors Corp.*, 15 F.3d 72, 74 (6th Cir. 1994) (citing Rule 4(m)'s predecessor, Rule 4(j)).

[3] *Id.* at 73-74.

[4] *Id.* at 74.

[5] *Reynosa v. Schultz*, 282 F. App'x 386, 391-93 (6th Cir. 2008).

Additionally, the Court is unpersuaded by Plaintiff's counsel's statements that he believed the Complaint had been properly served. Mere contact with opposing counsel regarding the instant Complaint does not indicate that Defendants had been properly served, especially in light of the lack of activity on the docket. None of the Defendants filed Notices of Appearance, Answers, or Motions to Dismiss, all of which would have triggered a Notice of Electronic Filing sent directly by email to Plaintiff's counsel. The Magistrate Judge never held a scheduling conference, a Scheduling Order never issued, and discovery never began. The utter lack of progression in the case should have alerted Plaintiff's counsel to his staff's failure to properly serve the Summonses and Complaint. While the Court understands that staff are often essential to running a successful legal practice, the attorneys litigating the cases are ultimately responsible for ensuring that they, the undersigned counsel of record, comply with the Federal Rules of Civil Procedure and the Local Rules. Plaintiff's counsel did not do so in this case, and he has not shown good cause as to why he did not.

The Court acknowledges that two of Plaintiff's claims will effectively be dismissed with prejudice if the Court dismisses the case under Rule 4(m); even if Plaintiff refiles the same Complaint and timely serves it, Plaintiff's counsel has indicated that two of Plaintiff's claims will be barred by the statute of limitations. But the passing of the statute of limitations is merely one factor in the Court's decision. Although it weighs against dismissing the case, the Court finds that Plaintiff's counsel's neglect and failure to prosecute his case tip the scales in favor of dismissal. Moreover, Plaintiff's counsel implies that two of Plaintiff's four claims will not be

time-barred if the case is dismissed without prejudice.[6]  Therefore, taking Plaintiff's counsel's assertions at their word, Plaintiff would still have a viable chance of recovery.  Therefore, the Court need not grant Plaintiff's requested extension of time to serve Defendants, and that portion of his Motion is **DENIED**.

Accordingly, the Court finds that Plaintiff's counsel has not demonstrate good cause for his failure to serve the Summonses and Complaint within 120 days as required by Rule 4(m).  Thus, this case is hereby **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**.

**s/ S. Thomas Anderson**
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: May 2, 2012.

---

[6]     The Court expresses no opinion on these assertions but, for purposes of this Order only, it will assume they are true.